AO 91 (Rev. 08/09)  Criminal Complaint

AUSA Carmen M. Lineberger

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| VONNE ROLLE, | )   Case No.  20-047-SMM |
| | ) |
| | ) |
| _____ | ) |
| Defendant(s) | |

FILED BY____CGA____D.C.

Aug 1, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Fort Pierce

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____July 31, 2020_____ in the county of _____Martin_____ in the
__Southern__ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(I) | Conspiracy to Encourage and Induce Aliens to Enter the United States |
| 8 U.S.C. § 1324(a)(1)(A)(iv) | Encouraging and Inducing Aliens to Enter the United States |
| 8 U.S.C. § 1324(a)(1)(A)(i) | Bringing Aliens into the United States |
| 8 U.S.C. § 1327 | Aiding and Assisting Certain Aliens to Enter the United States |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

_____
Complainant's signature

Brian Ray, Special Agent, Department of Homeland Security
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by videoconference.

Date:  _____08/01/2020_____

_____
Judge's signature

City and state:  _____Fort Pierce, Florida_____

Shaniek M. Maynard, U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT OF SPECIAL AGENT BRIAN RAY**
**HOMELAND SECURITY INVESTIGATIONS**

I, Brian Ray, after being duly sworn, depose and state:

1.     I am a Special Agent (SA) employed by Homeland Security Investigations (HSI), having been so employed since March 2003.  From 2001 to 2003, I was employed by the U.S. Customs Service as a Special Agent. From 1994 to 2001, I was employed as a deputy sheriff in Florida. From 1985 to 1994, I served as a U.S. Air Force Security Policeman.  I have received over 700 hours of training in the application of Federal Statutes, Federal Court procedures, and techniques required to insure the admissibility of evidence at trial.

2.     I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code.  That is, I am an officer of the United States, who is empowered by law to conduct investigations of and to make arrest for violations of federal law.  I am responsible for enforcing federal criminal statutes relating to Homeland Security Investigations, including Title 8, United States Code, Section 1324 (bringing in and harboring certain aliens), Section 1326 (illegal reentry after removal), and Section 1327 (aiding and assisting certain aliens to enter the United States).

3.     I am conducting an investigation involving the maritime activities of the individual named herein, Vonne ROLLE.  I am familiar with the facts and circumstances surrounding this investigation from my own investigative efforts, as well as from information obtained from other law enforcement officers with personal knowledge of the evidence and activities described herein. Although familiar with the facts and circumstances of this investigation, I have not included each and every fact known to me about the matters set forth herein, but only those facts that I believe are

1

necessary to establish probable cause to believe that Vonne ROLLE violated 8 U.S.C. § 1324(a)(1)A(iv) and (v)(I), conspiracy to encourage and induce aliens to enter the United States; 8 U.S.C. § 1324(a)(1)(A)(iv), encouraging and inducing aliens to enter the United States; 8 U.S.C. § 1324(a)(1)(A)(i), bringing aliens into the United States; and 8 U.S.C. § 1327, aiding and assisting certain aliens to enter the United States.

4. On July 31, 2020, after being alerted by a Good Samaritan boater, the United States Coast Guard - Fort Pierce (USCG) responded to a disabled vessel that was adrift approximately 23 miles east of Stuart, Florida, within the Special Maritime and Territorial Jurisdiction of the United States. Upon arrival, the USCG found 13 migrant aliens aboard the vessel, including one unaccompanied minor. The migrants were taken aboard the USCG vessel and transported to Stuart, Martin County, Florida, in the Southern District of Florida, where they were taken into custody by the United States Border Patrol and subsequently transported for immigration processing to the Border Patrol Station in Riviera Beach, Florida.

5. HSI agents conducted interviews of several rescued migrants who indicated they were attempting to enter the United States illegally. During interviews, ROLLE was identified as the captain of the smuggling vessel. I recognized ROLLE as a Bahamian citizen I arrested in 2016 for crewing a vessel during an alien smuggling venture.

6. During a post-Miranda, recorded interview of ROLLE, he identified himself as the captain of the smuggling vessel and admitted to knowing he was illegally transporting aliens to the United States. According to ROLLE, he was contacted by individuals in the Bahamas and offered the opportunity to captain the boat to the United States; ROLLE accepted, as he wanted to enter the United States himself. According to ROLLE, he was not paid for his role in this venture. ROLLE

2

stated that they left the Bahamas at around 8:00 p.m. the night before (July 30, 2020), aiming for the area that the USCG eventually brought them ashore (St. Lucie Inlet), which is not a designated port of entry. The plan was that once they got close to the Florida shore, another person was supposed to meet them and direct them to shore, and that ROLLE was then going to go his own way and try to locate his father.

7.  Prior to embarking, ROLLE was aware of the approaching storm (Hurricane Isaias). ROLLE also admitted that the boat should only carry 5 or 6 individuals, but during this trip, 13 people were on board. The boat did not have any life vests, nor was there a supply of food or water.

8.  ROLLE further stated that about 10-15 minutes into the trip, the seas were rough and people on the boat told ROLLE to turn around; but ROLLE continued on. ROLLE claimed to have approached as close as 3.8 miles off the coast of Florida, but then suffered engine failure. ROLLE said they drifted for some time before he could repair the engine and begin to attempt to limp back to the Florida coast. ROLLE stated as he attempted to nurse the vessel to Florida, he ran out of fuel. ROLLE said that after running out of fuel, they drifted away from Florida until they were rescued.

9.  ROLLE admitted that the other people on board were not authorized to enter the United States. One of the people on board, S.G., has twice been convicted of sale/manufacture/delivery of cocaine in Broward County, Florida, and served prison sentences of 1 year and 10 years. S.G. told investigators that he paid smugglers $5,000 for the trip; he also stated that when the waters became rough after leaving the Bahamas, he told ROLLE to turn the boat around.

10.  ROLLE also admitted that he himself had been previously removed and had a lifetime ban from reentering the United States. Despite this, ROLLE stated that if he was released from custody, he would do it all gain.

3

11. In 2016, ROLLE was convicted of conspiracy to encourage and induce aliens to come to the United States, and encouraging and inducing aliens to enter the United States (16-14051-CR-RLR).   United States District Judge Robin L. Rosenberg subsequently sentenced ROLLE to 18 months' imprisonment.   Records checks revealed that after serving his sentence, ROLLE was removed on April 19, 2018.

12.  Based on the foregoing, I believe that there exists probable cause to believe that, on or about July 31, 2020, Vonne ROLLE violated 8 U.S.C. § 1324(a)(1)A(iv) and (v)(I), conspiracy to encourage and induce aliens to enter the United States; 8 U.S.C. § 1324(a)(1)(A)(iv), encouraging and inducing aliens to enter the United States; 8 U.S.C. § 1324(a)(1)(A)(i), bringing aliens into the United States; and 8 U.S.C. § 1327, aiding and assisting certain aliens to enter the United States.

Further, your affiant sayeth naught.

Brian Ray
Special Agent
Homeland Security Investigations

Sworn and subscribed to before me this _1st_ day of August 2020.

Shaniek M. Maynard
United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No: 20-047-SMM**

**UNITED STATES OF AMERICA**

**v.**

**VONNE ROLLE,**

 **Defendant.**

_____/

**CRIMINAL COMPLAINT COVER SHEET**

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

 _____Yes    ___X_____No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

 _____Yes    ___X_____No

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

 _____Yes    ___X_____No

 Respectfully submitted,

 ARIANA FAJARDO ORSHAN
 UNITED STATES ATTORNEY

 By:  _s/ Justin L. Hoover_____
 Justin L. Hoover (A5502493)
 Assistant United States Attorney
 Justin.Hoover@usdoj.gov
 United States Attorney's Office
 101 South US Highway 1, Suite 3100
 Fort Pierce, FL  34950
 Telephone:  772-466-0899
 Facsimile:  772-466-1020
 Attorney for United States of America